```
 1  ERSKINE & TULLEY
    A PROFESSIONAL CORPORATION
 2  MICHAEL J. CARROLL - Bar ID# 50246
    220 Montgomery Street, Suite 303
 3  San Francisco, CA  94104
    Telephone:  (415) 392-5431
 4
    Attorneys for Plaintiffs
 5
 6
 7
 8
 9
10                 UNITED STATES DISTRICT COURT
11                 NORTHERN DISTRICT OF CALIFORNIA
                             CV 08    0624
12
13  BOARD OF TRUSTEES OF THE          )  No.
    TEAMSTERS LOCAL UNION NO. 856     )
14  HEALTH AND WELFARE TRUST FUND;    )
    MICHAEL J. McLAUGHLIN, TRUSTEE,   )
15                                    )
                  Plaintiffs,         )
16                                    )
         vs.                          )  COMPLAINT
17                                    )
    PERSONALITY HOTELS II, INC.,      )
18  a California corporation,         )
    also known as PERSONALITY HOTELS, )
19  INC.,                             )
                                      )
20                Defendants.         )
                                      )
21  _____)

22        Plaintiff complain of defendant and for a cause of action
23  alleges that:
24        1.  Jurisdiction of this Court is founded upon Section
25  301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C.
26  §185(a)] and Section 502 of the Employee Retirement Income Security
27  Act of 1974, said Act being hereinafter referred to as "ERISA" (29
28  U.S.C. §1132), in that defendant has violated a collective bargaining
```

COMPLAINT                                    1-

1  agreement and certain Trust Agreements, thereby violating
2  provisions of ERISA and the provisions of the National Labor Relati
3  Act of 1947. This action is also brought pursuant to the Fede
4  Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of ac
5  controversy between plaintiffs and defendant, and for a Judgment
6  defendant pay fringe benefit contributions in accordance with
7  contractual obligations.
8      2. Plaintiff BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL U
9  NO. 856 HEALTH AND WELFARE TRUST FUND (hereinafter "TRUST FUN
10 named in the caption, are trustees of employee benefit plans wi
11 the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S
12 §1002(1) and (3) and §1132(d)(1), and a multiemployer plan withi
13 meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and
14 Plaintiff MICHAEL J. McLAUGHLIN is a Trustee. Said Trust
15 authorized to maintain suit as an independent legal ent
16 §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). Said Trus
17 administered in the City and County of San Franc
18 performance of the obligations set forth herein is due
19     3. Each and every defendant herein is th
20 and every other defendant herein. Defendants and
21 engaged in commerce or in an industry affecting c
22     4. At all times pertinent hereto defe
23 written collective bargaining agreement wi
24 Clerical Employees & Helpers Local Union
25 Brotherhood of Teamsters, a labor orgar
26 affecting commerce. The aforesaid agreem
27 shall make contributions to the TRUST F
28 employees on a regular basis on all hc

1 | shall be bound to and abide by all the provisions of the respective
2 | Agreement and Declarations of Trust of said TRUST FUND (hereinafter
3 | the "Trust Agreement").
4 |     5.  The Trust Fund relies upon a self reporting system.
5 | Defendant has unique knowledge of the amounts of contributions that
6 | they are liable to pay each month, and have a fiduciary obligation to
7 | accurately report the amount to the Trust Fund.  The Trust Funds have
8 | recently completed an audit of defendant's books and records.
9 |     6.  Defendant has breached both the provisions of the
10 | collective bargaining agreement and the Trust Agreement above referred
11 | to by failing to pay all moneys due on behalf of defendant's employees
12 | to the TRUST FUND.  Said breach constitutes a violation of ERISA (29
13 | U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.
14 |     7.  Pursuant to the terms of the collective bargaining
15 | agreement there is now due, owing and unpaid from defendant to the
16 | TRUST FUND contributions for hours worked by covered employees for the
17 | period March 2005 through June 2006.  The total amount due, including
18 | liquidated damages is $5,300.92.  Additional monthly amounts may
19 | become due during the course of this litigation and in the interest
20 | of judicial economy, recovery of said sums will be sought in this
21 | case.  Interest is due and owing on all principal amounts due and
22 | unpaid at the legal rate from the dates on which the principal amounts
23 | due accrued.
24 |     8.  An actual controversy exists between plaintiffs and
25 | defendant in that plaintiffs contend that plaintiffs are entitled to
26 | a timely correct monthly payment of trust fund contributions now and
27 | in the future pursuant to the collective bargaining agreement and the
28 | Trust Agreement, and defendant refuses to make such payments in a

1  timely correct manner.

2       9.   The Trust Agreement provides that, in the event suit
3  is instituted to enforce payments due thereunder, the defendant shall
4  pay court costs and reasonable attorneys' fee.  It has been necessary
5  for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,
6  as attorneys to prosecute the within action, and reasonable attorneys'
7  fee should be allowed by the Court on account of the employment by
8  plaintiffs of said attorneys.

9       WHEREFORE, plaintiffs pray:

10      1.   That the Court render a judgment on behalf of plaintiffs
11 for all contributions due and owing to the date of judgment based upon
12 the audited, plus liquidated damages provided for by the contract,
13 interest at the legal rate, reasonable attorneys' fees incurred in
14 prosecuting this action and costs.

15      2.   That the Court enjoin the defendant from violating the
16 terms of the collective bargaining agreements and the Trust Agreement
17 for the full period for which defendant is contractually bound to file
18 reports and pay contributions to the TRUST FUND.

19      3.   That the Court retain jurisdiction of this cause pending
20 compliance with its orders.

21      4.   For such other and further relief as the Court deems
22 just and proper.

23      Dated: January 24, 2008

                                    ERSKINE & TULLEY
                                    A PROFESSIONAL CORPORATION

                                    By: _____
                                        Michael J. Carroll
                                        Attorneys for Plaintiffs

COMPLAINT                                              -4-