JOHN M. SKONBERG, Bar No. 069409
MICHAEL G. PEDHIRNEY, Bar No. 233164
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

Attorneys for Defendant
PERSONALITY HOTELS II, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL UNION NO. 856 HEALTH AND WELFARE TRUST FUND; MICHAEL J. MCLAUGHLIN, TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>PERSONALITY HOTELS II, INC., a California corporation, also known as PERSONALITY HOTELS, INC.,<br><br>Defendant. | Case No. CV-08-0624 JSW<br><br>**DEFENDANT PERSONALITY HOTELS II, INC.'S ANSWER TO COMPLAINT**<br><br>Judge:   The Honorable Jeffrey S. White |

Defendant Personality Hotels II, Inc. answers the Complaint in the above-captioned matter as follows:

1. Answering paragraph 1 of the Complaint, Defendant admits that Plaintiff bases jurisdiction in this case on section 301(c)(1) of the National Labor Relations Act and section 502 of the Employee Retirement Income Security Act of 1974, as well as the Federal Declaratory Judgment Act, and seeks a judgment that Defendant pay fringe benefit contributions in accordance with its contractual obligations. Defendant admits that such jurisdiction exists based on the allegations of the Complaint, but, except as specifically admitted above, Defendant denies each and

1  every, all and several, of the remaining allegations contained in paragraph 1 of the Complaint, and
2  specifically denies any violation of the law or the collective bargaining agreement.

3        2.    Answering paragraph 2 of the Complaint, Defendant is without knowledge or
4  belief as to the allegations contained in said paragraph, and on that basis denies each and every, all
5  and several, of the allegations contained therein.

6        3.    Answering paragraph 3 of the Complaint, Defendant admits that it is engaged
7  in commerce or an industry affecting commerce. Defendant states that there is only one named
8  defendant in the Complaint, and on that basis denies each and every, all and several, of the
9  remaining allegations contained in paragraph 3 of the Complaint.

10        4.    Answering paragraph 4 of the Complaint, Defendant admits that it is bound by
11  a written collective bargaining agreement with Freight Checkers, Clerical Employees & Helpers
12  Union Local No. 856, International Brotherhood of Teamsters ("Local 856") that requires Defendant
13  to make contributions to Teamsters Local Union No. 856 Health and Welfare Trust Fund on behalf
14  of Defendant's employees who are members of the bargaining unit represented by Local 856.
15  Except as so specifically admitted, Defendant denies each and every, all and several, of the
16  remaining allegations contained in paragraph 4 of the Complaint.

17        5.    Answering paragraph 5 of the Complaint, Defendant is without knowledge or
18  belief as to the allegations contained in said paragraph, and on that basis denies each and every, all
19  and several, of the allegations contained therein.

20        6.    Answering paragraph 6 of the Complaint, Defendant denies each and every,
21  all and several, of the allegations contained therein.

22        7.    Answering paragraph 7 of the Complaint, Defendant denies each and every,
23  all and several, of the allegations contained therein.

24        8.    Answering paragraph 8 of the Complaint, Defendant was not aware of
25  Plaintiffs' contentions until Defendant was served with the Complaint, and denies each and every, all
26  and several, of the allegations contained in paragraph 8 of the Complaint.

27        9.    Answering paragraph 9 of the Complaint, Defendant is without knowledge or
28  belief regarding the contents of the Trust Agreement, and on that basis denies the allegations

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S ANSWER    2.    CASE NO. CV-08-0624 JSW

regarding the contents of the Trust Agreement. Defendant specifically denies that it has been necessary for Plaintiffs to employ Erskine & Tulley as attorneys to prosecute the instant action and that attorneys' fees should be allowed by the Court on account of the employment by Plaintiffs of said attorneys.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiffs have failed to state a claim upon which relief can be granted.

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that its written collective bargaining agreement with Local 856 does not require Defendant to make contributions to the Teamsters Local Union No. 856 Health and Welfare Trust Fund on behalf of Defendant's employees who are not in the bargaining unit represented by Local 856.

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that under 29 U.S.C. § 186, Defendant is prohibited from making payments to the Trust Fund for its employees who are not members of the bargaining unit represented by Local 856.

WHEREFORE, Defendant prays:

1. That the Court dismiss the instant action in its entirety;
2. That the Court award Defendant its attorneys' fees and costs; and
3. For such other and further relief as the Court deems just and proper.

Dated: February 13, 2008

JOHN M. SKONBERG
MICHAEL G. PEDHIRNEY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
PERSONALITY HOTELS II, INC.

Firmwide:84286295.1 057455.1003

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S ANSWER                3.                CASE NO. CV-08-0624 JSW